[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 308.]

OFFICE OF DISCIPLINARY COUNSEL *v*. CHRIST.

[Cite as *Disciplinary Counsel v. Christ*, 1996-Ohio-72.]

*Attorneys at law—Misconduct—Public reprimand—Accepting private employment in a matter upon the merits of which the attorney has acted in a judicial capacity.*

(No. 95-1670—Submitted September 27, 1995—Decided January 17, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-07.

———————————

{¶ 1} In a complaint filed on February 6, 1995, relator, Office of Disciplinary Counsel, charged respondent, Paul Steve Christ of Mansfield, Ohio, Attorney Registration No. 0008150, with having violated, *inter alia*, DR 9-101(A) (accepting private employment in a matter upon the merits of which he has acted in a judicial capacity). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on June 8, 1995.

{¶ 2} The parties stipulated to the facts underlying the charged misconduct at the hearing. The stipulations established that respondent granted an uncontested divorce to Valarie Daniel and her former husband in April 1987, while respondent was employed as a judge of the Richland County Common Pleas Court Division of Domestic Relations. In June 1994, respondent represented Daniel in the course of his private practice and filed a Motion to Modify Parental Rights and Responsibilities against her former husband in the Richland County Common Pleas Court, Division of Domestic Relations. Counsel for Daniel's former husband moved the court for respondent's removal, but her motion was overruled, and respondent continued as Daniel's attorney until the parties resolved the custody and child support dispute in January 1995.

**{¶ 3}** Respondent explained at the hearing that his judicial involvement in the Daniels' uncontested divorce had been limited to signing the final judgment entry and that he had considered this act perfunctory and insufficient to bar his subsequent private employment in the matter. However, the panel concluded that respondent had committed a "technical" violation of DR 9-101(A) because he "did act in his official capacity as a judge, [he] signed the entry, and * * * seven years later [he] represented one of the litigants in a * * * Motion to Modify custody in the same case ***."

**{¶ 4}** In recommending a sanction for this misconduct, the panel considered the testimony of two local attorneys who had known respondent for years and had great respect for his professional competence and integrity. The panel also considered that respondent had never before been the subject of disciplinary proceedings. The panel recommended the sanction suggested by relator—a public reprimand.

**{¶ 5}** The board adopted the panel's report, including its findings of fact, conclusions of law and recommended sanction.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Mary L. Cibella*, for respondent.

––––––––––––––––––

***Per Curiam.***

**{¶ 6}** Upon review of the record, we concur in the board's finding of misconduct and its recommendation. Respondent is therefore publicly reprimanded for having violated DR 9-101(A). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

January Term, 1996

_____